FILED
U.S. DISTRICT COURT
2012 FEB -3 AM 10: 03
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WALTER GUILBEAULT,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-205

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Walter Guilbeault ("Guilbeault"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Guilbeault filed a Traverse. For the reasons which follow, Guilbeault's petition should be **DENIED** in part and **DISMISSED** in part.

## STATEMENT OF THE CASE

Guilbeault is serving a 60-month sentence for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). United States v. Guilbeault, CR308-513 (E.D. Va.). Following his release from prison, he will serve 5 years of supervised release. Id.

In the instant petition, Guilbeault seeks a credit of 240 days against his sentence for time he spent in home detention with electronic monitoring as a condition of his pretrial and presentence release on bond. He also seeks 36 days of good conduct time

AO 72A
(Rev. 8/82)

credit for the same period. Alternatively, Guilbeault requests to have the credited time applied to the 5-year supervised release, which he will serve upon his release from confinement. Additionally, Guilbeault alleges that during his home detention he was denied access to religious services, in violation of his First Amendment rights.

Respondent contends that Guilbeault's request for 276 days of credit should be denied because Guilbeault is not entitled to credit for time spent in home detention. Respondent also contends that Guilbeault's First Amendment claim should be dismissed as improperly brought pursuant to § 2241.

## DISCUSSION AND CITATION OF AUTHORITY

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed[.]" 18 U.S.C. § 3585(b). "[C]redit for time spent in official detention under § 3585(b) is available only to those defendants who were detained in a penal or correctional facility." Reno v. Koray, 515 U.S. 50, 58 (1995) (internal punctuation and citation omitted). In Koray, the Court held that presentence time spent confined to a community treatment center was not "official detention" within the meaning of § 3585. Id. at 65.

Guilbeault is not entitled to a 276 day credit for the presentence time he spent in home detention with electronic monitoring as a condition of his pretrial and presentence release on bond. During the relevant time period Guilbeault was not in "official detention" because he was not held in a penal or correctional facility. Therefore, 28 U.S.C. § 3585 does not apply to him. Guilbeault's request for 276 days of credit should be **DENIED**.

2

AO 72A
(Rev. 8/82)

When a prisoner challenges "the fact of his conviction or the duration of his sentence," those claims "fall within the core of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (internal punctuation and citation omitted). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core and may be brought pursuant to" a civil rights action. Id. (citations omitted). The results of a successful habeas corpus petition and a successful civil rights action vary greatly. Habeas corpus "traditionally has been accepted as the specific instrument to obtain release from unlawful confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (internal punctuation and citation omitted). Successful constitutional challenges to the conditions of a prisoner's confinement, however, entitle the prisoner only to a correction of the unconstitutional conditions, not to release from confinement. Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (citations omitted).

Guilbeault alleges that during his home detention he was denied access to religious services, in violation of the First Amendment. Success on the merits of this claim would not entitle Guilbeault to expedited release from confinement. Consequently, this claim does not fall within the ambit of a habeas corpus petition. Guilbeault's civil rights claim challenging the conditions of his confinement would more appropriately be brought in an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Guilbeault's claim based on alleged violation of his First Amendment rights should be **DISMISSED**.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Guilbeault's § 2241 petition be **DENIED** in part and **DISMISSED** in part.

**SO REPORTED** and **RECOMMENDED**, this ___3rd___ day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)